UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
MARCOS LEON NERI, on behalf of himself and all   :
other persons similarly situated,   :
  :
      Plaintiff,   :    REPORT AND
  :    RECOMMENDATION
 -against-  :
  :    No. 20-CV-581-MKB-JRC
ABI JAPANESE RESTAURANT, INC. d/b/a ABI   :
SUSHI, ABUMI JAPANESE CUISINE, INC. d/b/a ABI  :
SUSHI, and KUN LIN CHEN,   :
  :
      Defendants.   :
  x
------------------------------------------------------------------

JAMES R. CHO, United States Magistrate Judge:

On February 2, 2020, plaintiff Marcos Leon Neri ("Neri") commenced this action against

Defendants Abi Japanese Restaurant, Inc., Abumi Japanese Cuisine, Inc., and Kun Lin Chen

(collectively, "defendants"), alleging violations of the minimum wage and overtime provisions

of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), and the

"spread of hours" provision and the Wage Theft Prevention Act of the NYLL.  Am. Compl.

¶¶ 60-92, Dkt. 14.  On May 7, 2020, Emilio Islas Concha ("Concha") joined this action as an

opt-in plaintiff.  Dkt. 12.  On July 10, 2020, Neri and Concha (together, "plaintiffs") filed an

Amended Complaint.  Dkt. 14.

After the parties had completed discovery, plaintiffs moved for summary judgment.

Defendants failed to oppose plaintiffs' motion.  On November 29, 2021, the Honorable Chief

Judge Margo K. Brodie granted plaintiffs' unopposed motion for summary judgment.  *See*

Memorandum & Order ("Mem."), Dkt. 31.  On December 1, 2021, Judgment was entered

awarding Neri $120,966.72 and Concha $53,044.87.  Dkt. 32.

On December 24, 2021, plaintiffs filed a motion seeking $17,755 in attorney's fees and $592 in costs. *See* Declaration of David Stein, Esq. ("Stein Decl.") ¶¶ 21, 22 (Dkt. 35); *see generally* Pls.' Mot. for Attorney's Fees ("Pls.' Mot." or "Motion"), Dkts. 33-35. Currently pending before this Court, on a referral from Chief Judge Brodie, is plaintiffs' motion for attorney's fees and costs. *See* Order Referring Mot. dated April 8, 2022. For the reasons set forth below, this Court respectfully recommends granting plaintiffs' motion.

### Relevant Factual and Procedural Background

Abi Sushi ("Abi Sushi") is a Japanese restaurant located in Astoria, Queens. Mem. at 2. Both Abi Japanese Restaurant, Inc. and Abumi Japanese Cuisine, Inc. at various times operated Abi Sushi. *Id*. at 2. "Defendant Kun Lin Chen has been the owner or manager of either Abumi Japanese Cuisine, Inc. or Abi Japanese Restaurant, Inc. . . . ." *Id*. at 3. Abi Sushi employed both plaintiffs as delivery workers. *Id*. at 3.

Defendants did not use a time clock or any other method to allow plaintiffs to record their hours of work. Mem. at 3. Defendants further paid plaintiffs in cash and did not provide them with pay stubs. Plaintiff never received overtime pay, and defendants admitted they were not aware that they were required to pay plaintiffs overtime. *Id*. at 3, 6. Defendants admittedly made no effort to comply with applicable wage and hour laws. *Id*. at 6.

In granting summary judgment in favor of plaintiffs, the Court awarded Neri and Concha $120,966.72 and $53,044.87, respectively, for the wage and hour violations, Mem. at 31, and on December 2, 2021, Judgment was entered against defendants. Dkt. 32.

On December 24, 2021, plaintiffs moved to recover their attorney's fees and costs. *See* Dkts. 33-35. Plaintiffs seek attorneys' fees in the amount of $17,755 and $592 in costs. *See* proposed judgment (Dkt. 33-1); Stein Decl. ¶¶ 21, 22. Plaintiffs seek attorneys' fees for 53.1

2

hours of work performed by plaintiffs' two attorneys, David Stein ("Stein"), a founding partner

of Samuel & Stein, and his associate, David Nieporent ("Nieporent").  Specifically, Stein seeks

reimbursement for 11.7 hours of his work billed at his partner rate of $400 per hour, and 41.4

hours of work by Nieporent billed at the associate rate of $325.  Plaintiffs further seek to recover

the filing fee ($400) and service costs ($192).

Defendants did not oppose plaintiffs' motion.[1]  On April 8, 2022, Chief Judge Brodie

referred plaintiffs' motion to the undersigned for a report and recommendation.  *See* Order

Referring Mot. dated April 8, 2022.  This Court ordered defendants respond to plaintiffs' motion

by May 24, 2022.  *See* Scheduling Order dated May 10, 2022.  Defendants failed to respond to

plaintiffs' motion, and this Court considers plaintiffs' motion as unopposed.

### Discussion

**A.      Legal Standard**

The FLSA and the NYLL entitle prevailing plaintiffs to an award of reasonable

attorneys' fees.  *See* 29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1).  The Courts use the same

analysis in determining attorney's fees under both statutes.  *See Santillan v. Henao*, 822 F. Supp.

2d 284, 299-300 (E.D.N.Y. 2011).  Courts have broad discretion to determine the amount of

attorney's fees awarded, and the party requesting fees must submit documentation to support its

request.  *See Mahoney v. Amekk Corp.*, No. 14 Civ. 4131, 2016 WL 6585810, at *18 (E.D.N.Y.

Sept. 30, 2016), *report and recommendation adopted*, 2016 WL 6601445 (E.D.N.Y. Nov. 7,

2016).  Courts rely on "their experience with the case, as well as their experience with the

---

[1] On January 31, 2022, defendants filed a notice of appeal.  *See* Notice of Appeal, Dkt. 37.  The District Court has the authority to adjudicate plaintiffs' motion for attorneys' fees even though a notice of appeal has been filed.  *See Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 225 (2d Cir. 2004).

practice of law, to assess the reasonableness of each component of a fee award." *Century 21 Real Estate LLC v. Bercosa Corp.*, 666 F. Supp. 2d 274, 298 (E.D.N.Y. 2009) (quotation and citation omitted).

The typical method for determining the amount of reasonable attorney's fees is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate" -- referred to as the lodestar method. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This method, "provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *Id*. The lodestar method creates a "presumptively reasonable fee." *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 186, 190 (2d Cir. 2008).

When assessing whether the presumptively reasonable fee is ultimately reasonable, a court must "bear in mind all of the case-specific variables that we and other courts have identified as relevant to the reasonableness of attorneys' fees . . . ." *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (internal quotation marks and citation omitted). Courts evaluate the reasonableness of hourly rates by comparing the rates requested with the prevailing rates charged by attorneys practicing in the district where the court sits. *See Simmons*, 575 F.3d at 174-76. To obtain an award of attorney's fees, plaintiffs have the "burden of proving the reasonableness and the necessity of the hours spent and rates charged." *Fermin v. Las Delicias Peruanas Rest., Inc.*, 711 F. Supp. 2d 19, 51 (E.D.N.Y. 2015). They must provide "contemporaneous time records" that "specify, for each attorney, the date, the hours expended, and the nature of the work done." *N.Y.S. Ass'n for Retarded Child., Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983).

**B.       Attorney's Fees**

**1.       Reasonable Hourly Rate**

Plaintiffs seek an award of attorney's fees calculated at a rate of $400 per hour for Stein,

a founding partner of his law firm, and $325 per hour for Nieporent, his associate.  Stein Decl.

¶¶ 16, 21.

A reasonable hourly rate represents "what a reasonable, paying client would be willing to

pay." *Arbor Hill*, 522 F.3d at 184.  The Court typically relies on the "rates prevailing in the

community for similar services of lawyers of reasonably comparable skill, experience, and

reputation." *Santillan v. Henao*, 822 F. Supp. 2d 284, 299 (E.D.N.Y. 2011) (citation omitted).

Specifically, the Court looks to similar cases in "the district in which the court sits." *Id.*  The

Court considers "(1) rates awarded in prior cases; (2) its own knowledge of hourly rates charged

in the district; and (3) evidence submitted by the parties." *Sevilla v. House of Salads One*, No.

20-CV-6072, 2022 WL 954740, at *11 (E.D.N.Y. Mar. 30, 2022) (citation omitted).

Recent opinions by courts in the Eastern District have found that reasonable hourly rates

in wage and hour cases range from approximately $300 to $450 for partners, and $200 to $325

for senior associates. *See, e.g., Martinez v. New 168 Supermarket*, No. 19-CV-4526, 2020 WL

5260579, at *8 (E.D.N.Y. Aug. 19, 2020), *report and recommendation adopted*, 2020 WL

5259056 (E.D.N.Y. Sept. 3, 2020); *Feltzin v. Ciampa Whitepoint LLC*, No. 15-CV-2279, 2017

WL 570761, at *2 (E.D.N.Y. Feb. 13, 2017).

Here, this Court finds plaintiffs' attorneys' rates reasonable.  Plaintiffs seek fees for work

performed by his two attorneys, Stein and Nieporent.  Plaintiffs request fees at the rate of $400

per hour for Stein. *See* Stein Decl. ¶¶ 16, 21.  In the Eastern District of New York, rates in wage

and hour cases of $400 or higher "'have generally been reserved for attorneys with' extensive

5

experience litigating wage-and-hour cases." *Lopez v. Ki Moon Rest. Corp.*, No. 17-CV-6078, 2021 WL 681710, at *3 (E.D.N.Y. Jan. 28, 2021), *report and recommendation adopted*, 2021 WL 681382 (E.D.N.Y. Feb. 22, 2021) (citation omitted).

Stein is a founding partner of Samuel & Stein, a law firm that primarily litigates wage-and-hour cases. Stein Decl. ¶ 13. Stein has been practicing law since 1990, and, since 2008 his practice has focused almost exclusively on FLSA and NYLL unpaid wages lawsuits. *Id.* He has served as attorney of record in more than 350 federal wage-and-hour cases. *Id*. A $400 per hour partner rate is consistent with rates for attorneys with similar experience in other recent Eastern District cases. *See, e.g., Sevilla*, 2022 WL 954740, at *12 (finding $400 to be a reasonable rate for a managing member of a law firm with over 30 years of experience, including considerable experience in FLSA and NYLL cases); *Martinez*, 2020 WL 5260579, at *8 (finding $400 to be a reasonable rate for an attorney with over 20 years of experience, including handling over 500 wage and hour cases).

Plaintiffs also request attorney's fees at the rate of $325 per hour for Stein's associate, Nieporent. Stein Decl. ¶¶ 16, 21. Although a $325 rate "is at the upper end of the range of awards for senior associates in this district for FLSA cases, 'in the context of attorney's fees awards, one's title is not the dispositive inquiry; rather, it is one's experience, *i.e.*, skill and expertise, that weighs in favor of awarding a requested hourly rate.'" *Lopez,* 2021 WL 681710, at *3 (citing *Rudler v. Houslanger & Assocs.*, No. 18-CV-7068, 2020 WL 473619, at *5 (E.D.N.Y. Jan. 29, 2020)).

Nieporent is a senior associate at Samuel & Stein. Stein Decl. ¶ 15. He has been practicing law since 2001, and, since 2008, has focused his practice on wage-and-hour litigation. *See id*. A rate of $325 per hour is consistent with rates for associates with similar experience in

other Eastern District cases.  *See, e.g., Perry v. High Level Dev. Contracting and Security*, No.

20-CV-02180, 2022 WL 1018791, at *15 (E.D.N.Y. Mar. 16, 2022) (finding $325 to be a

reasonable rate for an attorney that graduated from law school in 2009 and had "extensive

experience litigating unpaid wage actions"); *Villarrubia v. LaHoguera Paisa Rest. & Bakery

Corp.*, No. 18-CV-4929, 2020 WL 6430327, at *2 (E.D.N.Y. Oct. 9, 2020) (finding $375 to be a

reasonable rate for an attorney with 15 years of litigation experience).

This Court further recognizes that other opinions issued by courts in the Eastern District

of New York have awarded attorney's fees for both Stein and Nieporent at the same rates

requested here.  *See, e.g., Pena v. Super Econ. One Way Supermarket Corp.*, No. 20-CV-03060,

2021 WL 4755603, at *13 (E.D.N.Y. Sept. 8, 2021), *report and recommendation adopted*, 2021

WL 4398204 (E.D.N.Y. Sept. 25, 2021); *Lopez*, 2021 WL 681710, at *3 (concluding that both

Stein and Nieporent had sufficient experience in wage-and-hour litigation to justify fee awards at

the higher rates for partners and senior associates, respectively); Stein Decl. ¶ 17.

Further, Stein and Nieporent have charged similar rates -- and sometimes even higher

rates -- when representing defendants in non-contingency cases, including clients in FLSA cases.

Stein Decl. ¶ 19; Retainer Agreements, Dkt. 35-3 at ECF pages[2] 3, 8, 13, 18, 22.  Such evidence

indicates that even paying clients are willing to pay Stein and Nieporent at the same billing rates

sought here.  *Cf. Dajbabic v. Rick's Café*, 995 F. Supp. 2d 210, 213 (E.D.N.Y. 2014) (concluding

that a partner's $400 rate request did not have a reasonable basis, and accordingly reducing the

rate to $300, when the plaintiff failed to provide evidence of previous rates obtained from paying

---

[2] Cites to "ECF page" refer to the page number assigned by the Electronic Case Filing ("ECF")
system.

clients).  This Court finds that the hourly rates of $400 for Stein and $325 for Nieporent are reasonable.

Plaintiffs also seek a reduced rate of $125 per hour for "work of a basic character." *See* Stein Decl. ¶ 11.  The time records submitted with the motion reflect three entries seeking reimbursement for a total of 0.3 hours for filing documents on ECF at the rate of $125 per hour. *See id.*; Stein Decl., Ex. A ("Attorney Time Records") (Dkt. 35-1), at entries for 2/28/20, 5/7/20, and 6/7/21.  Attorneys are "generally compensated for clerical work at the hourly rate for clerks and paralegals." *LG Cap. Funding v. 5Barz Int'l*, No. 16-CV-2752, 2019 WL 3082478, at *3 (E.D.N.Y. July 15, 2019); *see also Feltzin*, 2017 WL 570761, at *3 (reducing a fee award when a partner "billed for clerical tasks that could have been performed by a non-lawyer at a lower hourly rate, such as a phone call with opposing counsel's legal assistant").  Courts have found the reduced rate of $125 per hour reasonable for administrative tasks.  *See Pena*, 2021 WL 4755603, at *13; *Lopez*, 2021 WL 681710, at *3 n.2.  This Court finds that the reduced rate of $125 per hour for administrative tasks sought here is reasonable.

### 2.   Reasonable Number of Hours Expended

Plaintiffs seek attorney's fees for 53.1 hours of work performed by Stein and Nieporent. Stein Decl. ¶ 21.  When evaluating the reasonableness of the hours spent, the Court "examines the particular hours expended by counsel with a view to the value of work product of the specific expenditures to the client's case." *Aiello v. Town of Brookhaven*, No. 94-CV-2622, 2005 WL 1397202, at *2 (E.D.N.Y. June 13, 2005) (citing *Luciano v. Olsten Corp.*, 109 F.3d 111, 116 (2d Cir. 1997)).  This consideration is measured by "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Torres v. Blass*, No. 12-CV-3603, 2013 WL 6064116, at *2 (E.D.N.Y. Nov. 20, 2013) (citing *Grant v. Martinez*, 973

F.2d 96, 99 (2d Cir. 1992)).  Courts exclude hours that are "excessive, redundant or otherwise

unnecessary" to the litigation.  *See Aiello*, 2005 WL 1397202, at *2 (citing *Quaratino v. Tiffany*

*& Co.*, 166 F.3d 422, 425 (2d Cir. 1999)).

When evaluating the reasonableness of the hours expended, Courts consider the "degree

of success" obtained by the plaintiff.  *See Khan v. HIP Centralized Lab. Servs., Inc.*, No. 03-CV-

2411, 2009 WL 2259643, at *2 (E.D.N.Y. July 29, 2009) (citing *Hensley*, 461 U.S. at 436).  One

measure of the "degree of success" achieved is the amount of damages recovered.  *See Hensley*,

461 U.S. at 436.  As noted in *Hensley*, Courts should award attorneys their full fee if they

achieve excellent results for the client.  *See Hensley*, 461 U.S. at 435.  When a plaintiff recovers

less than all the relief sought, but the relief obtained is still substantial, a fee award based on all

hours reasonably expended may still be appropriate if the damages award justifies the

expenditure of attorney time.  *See id*. at 435 n.11.  However, the Court may consider, as

necessary and appropriate, a reduction of the lodestar amount if the plaintiff recovers minimal

damages that fall short of the relief sought.  *See Farrar v. Hobby*, 506 U.S. 103, 114 (1992);

*Hensley*, 461 U.S. at 434.  There is no formula for determining the extent to which a lodestar

should be reduced to account for a plaintiff's limited success.  *See Hensley*, 461 U.S. at 436.

Here, the Court granted summary judgment motion in favor of plaintiffs on all of their

claims, and awarded plaintiffs a significant recovery; the Court ultimately awarded Neri

$120,966.72, and Concha $53,044.87, for a total recovery against defendants of $174,011.59.

*See* Judgment, Dkt. 32.  With respect to plaintiffs' minimum wage and spread of hours claims,

the Court largely awarded plaintiffs the full amount of damages sought.  Specifically, with

respect to their minimum wage claim, Neri requested $30,170.77 and Concha requested $12,060,

Pls.' Mem. at 9; the Court awarded Neri $24,511.01 and Concha $11,348.57 with respect to their

minimum wage claim.  Mem. at 15, 16 (Dkt. 31).  On the spread of hours claim, Neri sought

$12,729 and Concha sought $4,158, Pls.' Mem. at 17; the Court awarded Neri $12,715.96 and

Concha $3,918.86 on their spread of hours claim.  Mem. at 23 (Dkt. 31).  Plaintiffs secured

nearly a full recovery with respect to these two claims.

With respect to plaintiffs' overtime claim, however, the award fell short of the amount

requested.  For unpaid overtime, Neri sought $38,959.88 and Concha sought $13,860, Pls.'

Mem. at 16; the Court awarded Neri $8,850.31 and Concha $2,939.14 in overtime damages.

Mem. at 19, 20 (Dkt. 31).  While plaintiffs' recovery for unpaid overtime was more limited, this

Court does not find a reduction in fees warranted.  Plaintiffs still succeeded on this claim.

Further, their overtime claims were "inextricably intertwined and involve[d] a common core of

facts" with the other wage and hours claims for which plaintiffs achieved nearly a full recovery.

*See, e.g., Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999) (attorneys' fees may be

awarded for unsuccessful claims as well as successful ones where they are "inextricably

intertwined and involve a common core of facts") (citation omitted); *Murphy v. Lynn*, 118 F.3d

938, 952 (2d Cir. 1997) (court need not reduce a fee award where "the successful and

unsuccessful claims were interrelated and required essentially the same proof."); *Hensley*, 461

U.S. at 433 ("unrelated claims are unlikely to arise with great frequency . . . much of counsel's

time will be devoted generally to the litigation as a whole, making it difficult to divide the hours

expended on a claim-by-claim basis . . . the district court should focus on the significance of the

overall relief obtained by the plaintiff in relation to the hours reasonably expended on the

litigation.").

This Court further finds plaintiffs' attorneys expended a reasonable amount of time on

this case.  Having reviewed the time records submitted by plaintiffs (Dkt. 35-1), which details

10

the tasks they performed, the date on which each task was completed, and the amount of time

spent, this Court is satisfied that they sufficiently document the number of hours billed.  This

Court notes that plaintiffs' records demonstrate that a significant amount of time was spent on

discovery-related tasks.  *See* Attorney Time Records, Dkt. 35-1.  It is a "a routine phase of

litigation even when a case is not likely to go to trial."  *Li Rong Gao v. Perfect Team Corp.*, No.

10-CV-1637, 2017 WL 9481011, at \*18 (E.D.N.Y. Jan. 11, 2017), *report and recommendation*

*adopted*, 2017 WL 1857234 (E.D.N.Y. May 8, 2017).  "[W]ithout discovery, parties would not

be able to evaluate whether trial is proper given the particular set of facts involved, nor would

they know what evidence they would present."  *Id*.  Thus, undertaking discovery is necessary and

reasonable for a case that ultimately results in a favorable summary judgment decision.

Additionally, plaintiffs' attorneys spent much of their time on tasks related to opposing

counsel's lack of cooperation with the litigation process.  Defendants further failed to comply

with court orders on several occasions, requiring plaintiffs' counsel to draft correspondence to

opposing counsel and review orders issued by the court regarding defendants' failure to comply.

*See, e.g.,* Minute Entry dated 3/15/2021; Minute Entry dated 3/19/2021; Minute Entry dated

7/21/2021; *see also* Attorney Time Records, Dkt. 35-1, at entries for 5/21/20 ("Follow-up to

opposing counsel re: his continued failure to sign the stipulation for amending the complaint"),

8/25/20 ("Email letter to opposing counsel re: defendants' overdue discovery responses"),

1/19/21 ("Review order requiring defendants to respond to pre-motion letter"), 3/15/21 ("Review

order admonishing defendants to comply with past order"), 3/26/21 ("Review order requiring

defendants to respond to pre-motion letter"), 7/21/21 ("Review order requiring defendants to

respond to motion for summary judgment or else").

Courts routinely consider the manner in which defendants' behavior might complicate the case beyond the scope of work that would otherwise be necessary, when evaluating the reasonableness of the time plaintiffs' counsel expended on the case. *See Li Rong Gao*, 2017 WL 9481011, at *17 (taking into consideration defendants' "failure to abide by discovery obligations and Court Orders," which caused plaintiff to seek the court's assistance and conduct conferences to resolve the issues); *Cho v. Koam Med. Servs. P.C.*, 524 F. Supp. 2d 202, 209 (E.D.N.Y. 2007) ("The Court also is mindful that defendant Kim unduly prolonged this litigation by failing to appear for scheduled depositions and to produce documents requested by plaintiffs -- necessitating an order by Magistrate Judge Levy compelling testimony").

As a cost-saving measure, Stein "assigned as much work as possible" to his associate, Nieporent.  Stein Decl. ¶¶ 7, 20; *Kaufman v. Equifax Info. Serv's.*, No. 18-CV-7420, 2019 WL 3997461, at *5 (E.D.N.Y. Aug. 22, 2019) (finding a reasonable division of labor where "an associate handled the day-to-day administration of the matter," and another attorney "who had significantly more experience, supervised and revised her work").

Finally, compared to other similar cases, the amount of time plaintiffs' attorneys expended on this case is reasonable.  This Court notes that the number of hours expended here was far less than hours expended in comparable cases.  *See, e.g., Pavers and Road Builders Dist. Council Welfare, Pension, Annuity and Apprenticeship, Skill, Imp. and Safety Funds v. WJL Equities Corp.*, No. 13-CV-0853, 2015 WL 6965146, at *4 (E.D.N.Y. Nov. 10, 2015) (finding 112.3 hours to be a reasonable amount of time expended for a case where plaintiffs' counsel "engaged in discovery, filed two complaints, attended conferences, diligently pursued settlement, and finally moved successfully for summary judgment").

12

Based on this Courts review of the billing records (Dkt. 35-1), this Court finds the 53.1 hours spent on this case to be reasonable.

### 3.    Adequacy of Records

Plaintiffs' attorneys submitted adequate billing records in support of their fee petition. Where "documentation of hours is inadequate, the district court may reduce the award accordingly." *Aiello*, 2005 WL 1397202, at *2. Because "it is unrealistic to expect a trial judge to evaluate and rule on every entry in an application," the Court applies across-the-board percentage cuts in these cases. *Id*. (citation omitted). However, counsel is not required to record entries that "describe in great detail how billable time was spent; it is sufficient to identify the general subject matter of time expenditures." *Id.* In the case of entries with vague descriptions, "courts may attempt to decipher them by reference to the context in which these entries occur [to determine] what work was involved." *Id*. (citation omitted).

This Court has reviewed the billing records (Dkt. 35-1) and finds the entries sufficiently detailed and descriptive. The entries include the time expended on each task, the individual who performed the work, and a description of the nature of the work performed. Where plaintiffs documented work on multiple tasks, plaintiffs generally included in the description the division of time allotted for each task and generally avoided block billing. *See generally* Attorney Time Records, Dkt. 35-1.

There are two "block billing" entries that warrant further review. Plaintiffs' counsel billed 7.1 hours for "[p]repar[ing] motion for summary judgment and all supporting papers -- attorney declaration, exhibits, damages calculations, memorandum of law, Rule 56.1 statement of undisputed material facts," and 3.3 hours for "[p]repar[ing] motion for attorneys' fees and supporting papers -- attorney declaration, exhibits, memorandum of law, proposed order."

13

Attorney Time Records at entries for 4/20/21 and 12/23/21, Dkt. 35-1 at ECF pages 7, 8.

Although both entries relate to the preparation of a single motion, the entries consisted of several

individual tasks that produced separate documents and materials. *Id.* Neither entry, however,

distinguished the manner in which the expended time was divided between these individual

tasks. *Id.* Plaintiffs' counsel's failure to break down the 7.1 hours and 3.3 hours expended in the

4/20/21 and 12/23/21 entries, respectively, between the individual tasks, does not prevent this

Court from ascertaining the reasonableness of the time expended on these tasks. Rather than

limiting the record descriptions to simply, "Prepare motion for summary judgment" and "Prepare

motion for attorneys' fees," both entries listed the documents that were prepared for the relevant

motion. *See* Attorney Time Records at entries for 4/20/21 and 12/23/21, Dkt. 35-1.

Additionally, the time records contain only these two block billing entries for a total of 10.4

hours. *See* Attorney Time Records.

These two instances of potential block billing contain sufficient detail and constitute a

nominal number of hours that this Court considers the time spent on these two motions --

preparing their motion for summary judgment and their motion for attorney's fees -- reasonable.

*See Beverly Hills Teddy Bear Co. v. Best Brands Consumer Prods., Inc.*, No. 19-CV-3766, 2021

WL 2333242, at *6 (S.D.N.Y. June 8, 2021) (finding no reduction in fees warranted where "most

time entries submitted by . . . aggregate only related tasks"); *Markey v. Lapolla Indus., Inc.*, No.

12-CV-4622, 2017 WL 9512407, at *8 (E.D.N.Y. Aug. 24, 2017) ("Although . . . invoices do

contain some block billing entries, the Court finds that these are not so extensive as to warrant a

percentage reduction in the fees."), *report and recommendation adopted*, 2017 WL 4271560

(E.D.N.Y. Sept. 26, 2017).

In sum, this Court finds plaintiffs' request for attorney's fees to be reasonable.

## C.     Costs

An award of attorney's fees should "include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *Loc. 531 Pension Fund v. Flexwrap Corp.*, 818 F. Supp. 2d 585, 591 (E.D.N.Y. 2011) (citing *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998)).  The Court includes in its award calculations any costs that were "incidental and necessary to the litigation." *Id*. (citation omitted).

Plaintiffs seek reimbursement for the $400 filing fee and $192 for costs associated with service of process.  *See* Stein Decl., Ex. B ("Expense Records") (Dkt. 35-2), at entries for 2/2/20, 2/14/20.  Plaintiffs' counsel has documented these fees in the expense records and provided copies of the invoices.  *See id*.  Courts in the Eastern District have held that these costs are reasonable and recoverable in attorney's fees awards.  *See, e.g., Loc. 531 Pension Fund*, 818 F. Supp. 2d at 591 (granting plaintiff's motion for $524.43 in costs for "court filing fees, process server fees, and two small charges for delivery services"); *Teamsters Loc. 814 Welfare Fund v. Dahill Moving & Storage Co.*, 545 F. Supp. 2d 260, 269 (E.D.N.Y. 2008) (holding that costs "relating to filing fees, process servers, postage, and photocopying are ordinarily recoverable"); *see also* Local Civil Rule 54.1(10) (Taxable Costs) ("Docket fees . . . and process server, are taxable . . . .").  This Court finds that the costs requested by plaintiffs are reasonable.

## Conclusion

For the forgoing reasons, this Court respectfully recommends granting plaintiffs' motion for attorney's fees and costs in its entirety and awarding plaintiffs $17,755.00 in attorney's fees and $592.00 in costs.

A copy of this Report and Recommendation is being electronically served on counsel. Further, this Court directs plaintiffs' counsel to serve defendants with a copy of this Report and

Recommendation by overnight mail and first-class mail.  Any objections to the recommendations made in this Report must be filed with the Honorable Margo K. Brodie within 14 days after the filing of this Report and Recommendation and, in any event, on or before **September 29, 2022.** *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Failure to file timely objections may waive the right to appeal the District Court's order.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*) (discussing waiver under the former ten-day limit).

The Clerk is requested to enter this Report and Recommendation into the ECF system.

**SO ORDERED**

Dated: Brooklyn, New York
        September 15, 2022

s/ James R. Cho
James R. Cho
United States Magistrate Judge

16