UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

MARCOS LEON NERI, *on behalf of himself and all other persons similarly situated*,

          Plaintiff,

v.

ABI JAPANESE RESTAURANT, INC. *d/b/a* ABI SUSHI, ABUMI JAPANESE CUISINE INC. *d/b/a* ABI SUSHI, and KUN LIN CHEN,

          Defendants.

-----------------------------------------------------------------

**ORDER**
20-CV-581 (MKB) (JRC)

MARGO K. BRODIE, United States District Judge:

Plaintiff Marcos Leon Neri commenced the above-captioned action on behalf of himself and other similarly situated individuals on February 2, 2020, against Defendants Abi Japanese Restaurant, Inc. and Abumi Japanese Cuisine Inc., each doing business as Abi Sushi. (Compl., Docket Entry No. 1.) After Emilio Islas Concha joined the action on May 7, 2020 (Consent to Become Party, Docket Entry No. 12), Leon Neri and Islas Concha (collectively, "Plaintiffs") filed an Amended Complaint on July 10, 2020, alleging that Defendants Abi Japanese Restaurant, Inc., Abumi Japanese Cuisine Inc., and Kun Lin Chen violated the minimum wage provisions of the Fair Labor Standards Act ("FLSA") (Am. Compl. ¶¶ 60–65, Docket Entry No. 14), the minimum wage provisions of the New York Labor Law ("NYLL") (Am. Compl. ¶¶ 60–70), the overtime provisions of the FLSA (Am. Compl. ¶¶ 71–76), the overtime provisions of the NYLL (Am. Compl. ¶¶ 77–81), the "spread of hours" provision of the NYLL (Am. Compl. ¶¶ 82–86), and the Wage Theft Prevention Act of the NYLL (Am. Compl. ¶¶ 87–92).

In April of 2021, Plaintiffs moved for summary judgment. (Pls.' Mot. for Summ. J., Docket Entry No. 24.) Defendants failed to oppose the motion. (Order dated Aug. 5, 2021.) In November of 2021, this Court granted summary judgment in favor of Plaintiffs, (Mem. & Order, Docket Entry No. 31), and in December of 2021 judgment was entered in the amount of $120,966.72 for Leon Neri and $53,044.87 for Islas Concha, (Clerk's J., Docket Entry No. 32).

On December 24, 2021, Plaintiffs moved for attorneys' fees and costs.[1] (Pls.' Mot. for Attorney's Fees, Docket Entry No. 33.) On April 8, 2022, the Court referred the motion to Magistrate Judge James R. Cho. (Order Referring Letter Mot. dated Apr. 8, 2022.) Judge Cho set a deadline for Defendants to respond to the motion, but Defendants failed to respond. (Scheduling Order dated May 10, 2022.) By report and recommendation dated September 15, 2022, Judge Cho recommended that the Court grant Plaintiffs' motion for attorneys' fees and costs (the "R&R"). (R&R, Docket Entry No. 38.) No party has objected to the R&R and the time for doing so has passed.

I. Discussion

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial

---

[1] Defendants filed a notice of appeal in January of 2022 and the appeal is currently pending before the Second Circuit. (Notice of Appeal, Docket Entry No. 37.) The Court nevertheless retains jurisdiction over this appeal because "[w]henever a district court has federal jurisdiction over a case, it retains ancillary jurisdiction after dismissal to adjudicate collateral matters such as attorney's fees." *Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 225 (2d Cir. 2004) (alteration in original) (quoting *In re Austrian & German Bank Holocaust Litig.*, 317 F.3d 91, 98 (2d Cir. 2003)).

review of the magistrate's decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also Phillips v. Long Island R.R. Co.*, 832 F. App'x 99, 100 (2d Cir. 2021) (same); *Almonte v. Suffolk County*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (first quoting *United States v. Male Juv.*, 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

The Court has reviewed the unopposed R&R and, finding no clear error, adopts the R&R in its entirety pursuant to 28 U.S.C. § 636(b)(1).

**III.     Conclusion**

Accordingly, the Court grants Plaintiffs' motion for attorneys' fees and costs. The Court awards Plaintiffs attorneys' fees in the amount of $17,755.00 and costs in the amount of $592.00.

Dated: September 30, 2022
       Brooklyn, New York

                                       SO ORDERED:

                                       _____s/ MKB_____
                                       MARGO K. BRODIE
                                       United States District Judge